**LACLEDE GAS COMPANY, a Corporation, Plaintiff-Respondent,**

v.

**Otto T. JASTRAM, Defendant-Appellant.**

**No. 33228.**

St. Louis Court of Appeals.

Missouri.

Oct. 21, 1969.

Earle B. Leadlove and Barry A. Short, St. Louis, for defendant-appellant.

Whittington & Whittington, William M. Nicholls, St. Louis, for plaintiff-respondent.

SMITH, Commissioner.

This is an appeal from a judgment in a jury tried case in which plaintiff recovered $124.42 for gas service provided by it to defendant. Plaintiff's cause of action was premised upon an indebtedness on an open account running from May 2, 1960 through October 30, 1962. Defendant filed a counterclaim upon which the jury found against him and no question of that verdict is raised here.

The only question presented to us is the most novel contention that the trial court erred in failing to submit an instruction on mitigation of damages. No dispute existed that the gas service upon which the account was based was furnished, nor that the charges therefor were reasonable. Defendant's only contention is that because plaintiff failed to cut off its service to defendant for the period of time above set forth, it failed to mitigate its damages. The evidence does establish that the period involved here before the termination of service was longer than normal. Plaintiff also produced evidence of the reasons for the delay. The disputed question of whether defendant requested discontinuance of service in April or May of 1960 was submitted to the jury which by its verdict determined this question against defendant. We see no need to review this evidence, for the theory of mitigation of damages has no applicability in this case.

Plaintiff is not seeking to recover damages; it is seeking to recover money owed to it for a product furnished to defendant and used by him. We know of no theory of law which allows a person who requests another to furnish it a product or service, receives the product or service, and uses the product or service, to then avoid payment on the basis that the supplier knew or should have known that he was a bad credit risk. Whatever the wisdom of continuing to extend credit when payment is not promptly made, the person using the product or service is in no position to complain. Defendant has cited no authority to support this contention that mitigation of damages applies to an open account, and we have found none. Defendant here having received and used the gas service is obligated to pay for it, and the court correctly refused to instruct the jury on mitigation of damages.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by SMITH, C., is adopted as the opinion of this Court. Accordingly, the judgment is affirmed.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.